UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TWENTY-EIGHT THOUSAND, EIGHT-HUNDRED-EIGHTY DOLLARS AND NO/100 (28,880.00) IN U.S. CURRENCY, <br><br> Defendant. | Case No. C05-0347-JPD <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DEEM CERTAIN MATTERS ADMITTED |

I. INTRODUCTION AND SUMMARY CONCLUSION.

This case arises from the seizure of $28,880.00 by Drug Enforcement Agency ("DEA") officers at Seattle-Tacoma International Airport from Cach Quan Huynh on September 16, 2004. Ms. Hoi Nguyen, Mr. Huynh's mother, claims the currency is rightfully hers because it represents the repayment of a legitimate loan. She is proceeding though counsel and with the assistance of Vietnamese translators in this action.

On November 1, 2005, plaintiff served claimant with twenty-one requests for admission, together with over 400 pages of supporting exhibits. Dkt. No. 35, Ex. 1. Under Fed. R. Civ. P. 36(a), responses were due by December 1, 2005. On December 8, 2005, claimant submitted an unsigned set of responses to plaintiff's counsel by electronic mail. *Id.* at Exs. 2, 3. Although claimant admitted several of the requests, she denied many others. In

several instances, she responded, "unknown and therefore denied," "personally unknown but this is what my son told me," "not a proper question," and other phrases to this effect. *Id.* at Ex. 2. She also made handwritten notations that she "move[d] to strike" several of the requests. *Id.*

This matter comes before the Court upon plaintiff's motion to deem certain requests admitted, or in the alternative, for determination of the sufficiency of answers and objections to plaintiff's request for admissions. Dkt. No. 35. Plaintiff argues that all of the requests should be admitted because claimant failed to respond timely to them. The government argues that the issues addressed by the requests are not seriously in dispute and that it will incur significant expense to present the evidence to the Court. If the Court allows withdrawal of the admissions, plaintiff argues that many of claimant's denials lack adequate justification. The government requests that the claimant be required to serve a complete set of fully responsive answers.

In response, claimant's counsel has indicated that he was "preoccupied" with trial matters in an unrelated case and that he "overlooked" the requests for admission. Dkt. No. 38. Claimant moves the Court to rule on her objections to the requests and submits that plaintiff "has been abusive in its litigation practices in this action." *Id.* In reply, the government reiterates its motion and argues that claimant's response should be stricken as untimely. Dkt. No. 39.[1] Having carefully considered the parties' papers, supporting documents, and the record, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion to deem certain matters admitted.

Requests 1 though 8 and 15 through 21 are deemed admitted because claimant answered them either in the affirmative or could have reasonably ascertained information enabling her to do so. Fed. R. Civ. P. 36 (a) states in part: "[a]n answering party may not give

---

[1]The motion to strike is denied.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO DEEM CERTAIN
MATTERS ADMITTED
PAGE -2

lack of information of knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."

However, as to requests 9 through and including 14, the claimant is authorized to withdraw the admissions which became operative by virtue of the Rule, because she lacked the knowledge and expertise to interpret documents submitted by plaintiff relating in support of admission.

## II. ANALYSIS

### A. <u>Plaintiff's Requests For Admissions Are Deemed Admitted</u>.

Rule 36 allows parties to "serve upon any other party a written request for . . . admission, for purposes of [a] pending action[.]" Fed. R. Civ. P. 36(a). If the party served with such a request fails to respond within thirty days of service of the request, the matter is deemed admitted. *Id*.; *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). While the court has discretion to permit untimely answers, it may do so only for compelling circumstances. *French v. United States*, 416 F.2d 1149 (9th Cir. 1968). Here, statements by claimant's counsel that he was "preoccupied" with trial matters in an unrelated case and that he "overlooked" the requests for admission do not provide compelling circumstances. Dkt. No. 38. Therefore, claimant is deemed to have admitted each request for admission.

### B. <u>Claimant May Withdraw Admissions 9 Through14</u>.

Although claimant is deemed to have admitted all of the requests for admission, those admissions may be withdrawn or amended upon motion by claimant. Fed. R. Civ. P 36(b). Such a motion, however, may be granted only upon a showing that (1) "the presentation of the merits of the action will be subserved;" and (2) the party who obtained the admission will not be prejudiced by the withdrawal or amendment. *Id*. The first prong of this test is satisfied when allowing the admissions would "practically eliminate any presentation of the merits of the

case." *Hadley*, 45 F.3d at 1348. The second prong requires the party opposing withdrawal to show that it will face difficulty in proving its case because of the unavailability of key witnesses, the sudden need to obtain more evidence, or because trial has already commenced. *Id.* at 1348-49; *Sonoda v. Cabrera*, 255 F.3d 1035, 1040 (9th Cir. 2001). The mere fact that the government must prove the unadmitted fact to the fact-finder is insufficient. *Hadley*, 45 F.3d at 1348.

The Court construes claimant's response to plaintiff's motion as a motion to withdraw the deemed admissions. Unfortunately, this represents another example of claimant's counsel ignoring the plain language of the Rule.[2] However, due to the potential harm to the claimant, the Court will treat the opposition as a motion to withdraw the admissions. Although presentation of the merits would not be eliminated by allowing admissions of Requests 9 through 14 to remain, it would be significantly diminished. For instance, claimant's admission that the currency at issue "had recently been in close or actual proximity to a significant amount of narcotics, and was not the result of any alleged innocent environmental contamination," would seriously limit any argument that the currency was not associated with the trade of illicit drugs.

Additionally, it is not clear that the government would be prejudiced if certain admissions were withdrawn. Plaintiff has already conducted depositions of the relevant parties and made preparations to call relevant witnesses. Dkt. Nos. 18-34. Also, trial is still more than three months away. Requests 11 through 14 relate to actions of a drug-sniffing dog named Jinx, the dog's qualifications, and the scientific analysis of dectectability of cocaine on United States currency. Plaintiff argues that many of the requests directed towards claimant may not be in serious contention and that proving such facts may require an expert. The fact that the party who initially obtained the admission will now have to prove it to the fact-finder

---

[2]See Fed. R. Civ. P. 36(b).

does not, by itself, establish prejudice. *Hadley*, 45 F.3d at 1348.

The Court orders as follows:

(1) Request for admission 1 is deemed ADMITTED and remains admitted because claimant could have reasonably determined when the 2000 Vietnamese New Year began by consulting a calendar, including the calendar materials submitted by plaintiffs with the requests for admission. Dkt. No. 35, Ex. 1, Pt. 2.

(2) Requests 2 though 4 were admitted by plaintiff.

(3) Requests 5 through 8 are also deemed ADMITTED and remain admitted. Although claimant's responses indicate she had "no personal knowledge" of these requests, she has indicated that she inquired about them with her son and was able to answer them. The Court also notes that the basis for the request asserted in request number 7, a DEA report, was provided to plaintiff. Dkt. No. 35, Ex. 8.

(4) The admissions by operation of the Rule to Requests 9 through 14 are deemed WITHDRAWN. These requests relate to the training and reliability of "Jinx," the police dog who identified traces of illicit drugs on the seized currency. They also relate to the qualifications and conclusions of plaintiff's expert witness regarding Jinx's findings. While plaintiff provided claimant with documents tending to support an admission, plaintiff is not in a position to evaluate the accuracy and weight of those documents reliably and is therefore not required to admit them.

(5) Requests 15 through 20 are deemed ADMITTED and remain admitted. Requests 15 through 17 relate to facts described in a United States Customs report of an encounter with claimant's son in November 2002. Plaintiff provided claimant with a copy of the report and claimant's son testified to many of the events involved. Dkt. No. 35, Exs. 7, 10. Hence, claimant could easily have verified the accuracy of these requests.

III.  CONCLUSION

For the reasons discussed above, claimant is deemed to have admitted all requests for admission submitted by plaintiff on November 1, 2005, except requests 9 through 14.

DATED this 13th day of January, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge